UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| TREVOR J. TRAMMELL,<br><br>    Petitioner,<br><br>v.<br><br>J. A. BARNHART, Warden,<br><br>    Respondent. | Civil Action No. 6:18-CV-192-CHB<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Trevor J. Trammell has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct the screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In December 2009, Trammell reached a written agreement to plead guilty to using and carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c) in exchange for the dismissal of a charge for Interference with Commerce by Threats or Violence in violation of 18 U.S.C. § 1951(a). Specifically, Trammel and two others robbed a convenience store in Dayton, Ohio, and shot and killed the night manager during the robbery. As part of the plea agreement, Trammell expressly agreed that he and the Government would make a *binding* recommendation under Federal Rule of Criminal Procedure 11(c)(1)(C) for a 25-year sentence which would be entered by the presiding judge unless the plea agreement was rejected. Trammel further expressly "waive[d] the right to challenge the sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought

1

under 28 U.S.C. § 2255 (habeas corpus)." [R. 1-2 at pp. 7-8, 11]. The trial court accepted the plea agreement, and in March 2010 imposed a 25-year sentence consistent with the agreement of all parties. *United States v. Trammell*, No. 3: 09-CR-09-TMR-MRM-1 (S.D. Ohio 2009) [R. 75, 89 therein].

Trammell did not file a direct appeal. However, in April 2011 he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that his trial counsel was ineffective because he did not file a notice of appeal as Trammell had directed. When Trammell failed to object to a magistrate's recommendation that the § 2255 motion be denied as both barred by the collateral attack waiver and as substantively meritless in light of the appeal waiver, the trial court denied relief. Trammell took no appeal from that order. In 2015 Trammell failed to secure authorization to file a successive § 2255 motion to re-assert his ineffective assistance of counsel claim; in 2016 the Sixth Circuit denied authorization to file a successive § 2255 motion to seek relief under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). *In re: Trevor Trammell*, No. 16-3674 (6th Cir. 2016).

In his current § 2241 petition, Trammell essentially re-asserts the *Johnson* claim that the Sixth Circuit declined to entertain, contending that the Supreme Court's recent decision in *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018) renders invalid both his § 924(c) conviction and the collateral attack waiver in his plea agreement. He further contends that these claims may be asserted in a § 2241 petition pursuant to the Sixth Circuit's decision in *Hill v. Masters*, 836 F. 3d 591 (2016). [R. 1-1]

The Court must deny the petition, however, on both procedural and substantive grounds. As Trammel acknowledges, as part of his plea agreement he expressly waived his right to file a

2

direct appeal or collaterally attack. [R. 1-2 at 11] Such waivers are enforceable to preclude collateral attacks in habeas proceedings under § 2241. *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *United States v. Bryant*, 663 F. App'x 420 (6th Cir. 2016). *See also Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 …"); *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Muse v. Daniels*, 815 F. 3d 265, 267 (7th Cir. 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis."). Here, Trammel received a substantial reduction in the sentence he faced (life imprisonment) by agreeing to the terms of a plea agreement which included a waiver of his right to challenge that sentence by any means, whether by direct appeal or collateral attack. That agreement is enforceable to bar his challenge in this habeas proceeding.

Even if this were not so, Trammel's claim is not of the rare kind that may be pursued in a § 2241 petition. Trammel asserts that *Hill* supplies the proper test for determining whether his claim is cognizable under § 2241. *Hill* established a new rule for determining the circumstances under which a federal sentence may be challenged in a § 2241 proceeding. *Hill*, 836 F.3d at 595 ("We do not have published precedent on the issue presented here, where the target of the petition is a sentence enhancement, not a conviction."). Yet, Trammel challenges not his 25-year

3

sentence but his conviction under 18 U.S.C. § 924(c) itself. [R. 1-1 at 10] The Sixth Circuit set forth a rule defining the parameters for challenging a conviction in a § 2241 petition in *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). In *Wooten*, the Sixth Circuit held that § 2241 may be used to challenge the validity of a federal conviction only where, after the petitioner's conviction became final, the Supreme Court issues a retroactively-applicable decision interpreting the federal criminal statute under which the petitioner was convicted in such a manner that the conduct underlying the conviction is no longer criminal. *Wooten*, 677 F. 3d at 307-08; *see also Charles v. Chandler*, 180 F. 3d 753, 756-58 (6th Cir. 1999).

Trammel's challenge to his § 924(c) conviction under *Dimaya* plainly fails to satisfy the criteria of *Wooten*. The Armed Career Criminal Act (ACCA) provides for enhanced punishments for those federal offenders who have previously committed three or more "violent felonies." 18 U.S.C. § 924(e)(1). That phrase is defined to include offenses involving the use of physical force, such as assault, as well as certain enumerated offenses, such as burglary, arson, extortion, or crimes involving the use of explosives. 18 U.S.C. § 924(e)(2)(B)(i), (ii). The ACCA also includes a catch-all provision known as the "residual clause" which brings within the scope of "violent felonies" any offense which "otherwise involves conduct that presents a serious potential risk of physical injury to another." But in *Johnson* the Supreme Court held that the residual clause was void for vagueness under the Due Process Clause. *Johnson*, 135 S. Ct. at 2557. In *Dimaya*, the Supreme Court applied its holding in *Johnson* to conclude that the similarly-worded residual clause found in 18 U.S.C. § 16(b) was likewise unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1214-16.

Trammel's argument is that *Dimaya* would logically render the similar language defining a "crime of violence" in 18 U.S.C. § 924(c)(3)(B)'s residual clause unconstitutionally vague. *See* [R. 1-1 at 7 ("Since § 924(c)(3)(B) defines 'crime of violence' identically to § 16(b), logically, if *Dimaya* rendered the residual clause of § 16(b) unconstitutionally vague, then so is § 924(c)(3)(B)'s residual clause.")]. This claim, that *Dimaya* renders 18 U.S.C. § 924(c)(3)(B) void for vagueness, is a *constitutional* claim which, like any claim under *Johnson*, must be asserted in a second or successive motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(h)(2); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). Because Trammel and other prisoners could assert claims based upon *Johnson* or *Dimaya* under § 2255, that remedy is not structurally "inadequate and ineffective" to test the legality of their detention, and resort to § 2241 is impermissible. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004); *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017).

Trammel's claim also lacks substantive merit. The ACCA provides for an additional sentence to any defendant who uses or carries a firearm during the commission of a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" is defined to include offenses that involve "the use, attempted use, or threatened use of physical force against the person or property of another," § 924(c)(3)(A), or alternatively any offense involving "a substantial risk that physical force" may be used against the victim or his or her property, § 924(c)(3)(B). The latter provision is worded in a manner that is similar to, but narrower than, the residual clause found invalid in *Johnson*. On the basis of that distinction, the Sixth Circuit has expressly held that *Johnson* did not invalidate the residual clause in § 924(c)(3)(B). *United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016). Therefore, nothing in *Dimaya* – which

5

evaluated language identical to that at issue in *Johnson* – undermines the Sixth Circuit's conclusion in *Taylor* that the narrower wording found § 924(c)(3)(B) distinguishes that provision from the broader language used in both § 924(e)(2)(B)(ii) and § 16(b). *Taylor*, 814 F. 3d at 376-78. Trammel's claim under *Dimaya* is therefore plainly without merit in light of the Sixth Circuit's precedent in *Taylor*.

Finally, the underlying "crime of violence" committed by Trammel was the robbery and murder of a night manager of a convenience store, for which Trammel was charged under the Hobbs Act, 18 U.S.C. § 1951(a). The Sixth Circuit has expressly held that entirely independent of § 924(c)(3)(B)'s residual clause, Hobbs Act robbery constitutes a "crime of violence" under § 924(c)(3)(A)'s "use of force" clause. *United States v. Gooch*, 850 F.3d 285, 290-92 (6th Cir. 2017); *United States v. Tibbs*, 685. F. App'x 456, 465 (6th Cir. 2017) (citing *United States v. Hill*, 832 F. 3d 135, 144-45 (2d Cir. 2016).[1] Because the Hobbs Act robbery that Trammel committed involved the use of force within the meaning of § 924(c)(3)(A), it qualified as a "crime of violence," and his petition states no viable claim for relief. *United States v. Howard*, 650 F. App'x 466 (9th Cir. 2016); *United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996)).

Accordingly, it is **ORDERED** as follows:

1. Trammell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

---

[1] The Second Circuit's 2016 decision was superseded in *United States v. Hill*, 890 F. 3d 51, 55-60 (2d Cir. 2018). In that decision, the Second Circuit held that Hobbs Act robbery categorically qualifies as a "crime of violence" under the "use of force" clause found in § 924(c)(3)(A).

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 6th day of August, 2018.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY